JUSTICE HUNT
dissents.
¶65 The majority correctly expresses our standard of review, but fails to apply it. Absent a determination that the District Court’s findings are clearly erroneous, they will not be set aside. In re Estate of Tipp (1997), 281 Mont. 120, 123, 933 P.2d 182, 184. The evidence is reviewed in the light most favorable to the prevailing party, and the credibility of witnesses and the weight assigned to their testimony is for the determination of the District Court. In re Guardianship of Mowrer, 1999 MT 73, ¶ 36, 294 Mont. 35, ¶ 36, 979 P.2d 156, ¶ 36. Here, the District Court’s findings are supported by substantial evidence.
¶66 This case involves two friends who were widowed, and who enjoyed each other’s company. The majority incorrectly characterizes this relationship as one of control and manipulation. I believe, as apparently the District Judge who heard the case believed, that it was a relationship of friendship and mutual support that had existed for some 30 years.
*490 ¶67 An inheritance does not exist until the owner of an estate dies. Maggie announced on numerous occasions that she was spending her relatives’ inheritance. It is not the Court’s place to supplant its ideas of how an estate should have been distributed. This was two long-time companions reinforcing each other.
¶68 All the surrounding circumstances support this conclusion. Maggie had no children, and the few relatives she had showed very-little interest in her while she lived. It was natural that she should turn to her long time friend for comfort and support. Alice did not keep Maggie under lock and key. Rather, she attempted to provider interaction within their community. Together they went on adventures and spent money that was Maggie’s money to spend. Susceptibility does not equal undue influence. All four of the criteria for establishing undue influence must be satisfied. Matter of Estate of Eggebrecht, 1998 MT 249, ¶ 11, 291 Mont. 174, ¶ 11, 967 P.2d 388, ¶ 11. When the evidence is properly viewed in the light most favorable to Alice, the criteria for establishing undue influence are not satisfied. The District Court correctly concluded that the burden of proof was on Luke to prove undue influence and he did not meet that burden.
¶69 For the reasons set forth above, I dissent.